MR. JUSTICE SHEA
delivered the opinion of the Court.
Defendant, Randy Keller appeals from a conviction by jury verdict of misdemeanor assault in Silver Bow County District Court. Keller was sentenced to the maximum six months in jail and fined $500. Sentence was stayed pending outcome of this appeal.
Defendant Keller contends that the trial court erred in excluding the testimony of two witnesses who would contradict the testimony of the alleged assault victim, Mike Little. He further contends that the prosecutor wrongfully took advantage of the exclusion of that testimony by pointing out in his closing argument that the defense counsel had promised in his opening statement to produce testimony of witnesses to contradict the testimony of the alleged victim, Mike Little, but then failed to produce the promised testimony. We reverse on both grounds and order a new trial.
The procedural background places the issue in context. *3 Defendant relied on self-defense. The only witnesses to the fight were the defendant and the complaining witness. Defense counsel made his opening statement immediately after the State made its opening statement. Defense counsel told the jury that he would call two witnesses who would contradict the testimony of Mike Little, the alleged victim, as to how the fight started and who was the first aggressor. The witnesses were not eye witnesses to the fight but Mike Little had later told them how the fight started. The State did not object to this statement of what the defense would prove.
During the State’s case-in-chief defense counsel cross-examined Mike Little and laid the groundwork for the impeachment testimony to come from the two witnesses alluded to in the opening statement. Mike Little denied that he had made statements to anyone indicating that he had started the fight. The State again failed to object to this line of questioning.
However, the State made its move just before the defendant was to present his case. After resting its case the State filed a motion in limine requesting that the defense not be permitted to present the two witnesses who would in essence impeach or contradict the testimony of Mike Little as to how the fight started and who was the first aggressor. The State contended that the defendant had failed to comply with the notice provisions of section 46-15-301(2), MCA, which provides in substance that to rely on self defense the defendant must, at the time of entering his plea, or within 10 days afterward, provide the State with the names and addresses of the self defense witnesses. The statute also contains a good cause exception which excuses a defendant from giving the required notice. The trial court granted the motion in limine and ordered that the defendant could not call witnesses to rebut the testimony of the alleged victim.
The State, however, was not content to abide by the fruits of its successful motion. During the State’s rebuttal in closing argument, to which the defense could not respond, the *4 State asked the jury to consider the defendant’s failure to produce the witnesses he had promised during his opening statement. The State argued:
“Now, Mr. Engle [the defendant’s attorney] in his opening statement made a great deal of the fact that he was going to produce evidence showing that Mike Little was a liar. That evidence never appeared. There is no evidence that Mike Little is a liar”. (Emphasis added.) (Tr. Nov. 17, 1981 at 2.)
This argument requires reversal. The State, by its successful motion in limine, procured the absence of defense witnesses who would be called to contradict the testimony of the State’s chief witness. Having done so, the State could not ethically argue to the jury that defense counsel had failed in his promise to produce witnesses who would contradict the testimony of Mike Little as to how the fight started and who was the first aggressor. It is difficult to conceive of more unfair and prejudicial trial tactics.
We next consider whether the trial court properly excluded the defense witnesses on the grounds that defense counsel had failed to comply with the notice provisions of section 46-15-301(2), MCA, which, among other things, requires that a defendant give notice of intent to rely on self defense and that the defendant supply the prosecution with the names and addresses of witnesses to be called to establish this defense. The statute provides that the notice and names and addresses must be provided to the prosecution “at the time of entering his plea of not guilty or within 10 days thereafter or at such later time as the court may for good cause permit.” Section 46-15-301(2)(b), MCA. In fact, this statute contains two references to good cause as a factor in permitting notification and giving names of witnesses after the ten day period has expired.
Although the defendant did not give a formal, written notice within the time limits set by section 46-15-301(2), it is undisputed that the State knew the defendant intended to rely on self defense. The parties dispute, however, whether, at some time before the trial defendant gave the *5 names and addresses of the witnesses to the State. Notwithstanding this factual dispute, under the facts here the trial court abused its discretion in not permitting the defense witnesses to testify.
The State, although faulting defendant for not providing it with names and addresses of self-defense witnesses in advance of trial, filed its motion in limine too late under the local court rules. Yet, the trial court ignored this fact. Rule 6 of the Silver Bow County District Court Rules provides that a motion in limine must be filed before the start of trial. This was not done, and yet the trial court, without considering whether the State had good cause for its late filing, granted the motion in limine. To excuse a late filing it was at least incumbent on the trial court to determine whether the State had good cause for its failure to timely file the motion. And, it was also incumbent on the trial court to determine if the defendant had good cause in failing to comply with the notice statute.
A fair assessment of the procedural context in which the State filed its motion in limine, would have revealed that the State did not have good cause for its late filing. To grant the motion at that juncture could only have resulted in unfair prejudice to the defendant’s case in the eyes of the jury.
When the State filed its motion in limine, the defense counsel, without objection from the State, had already committed himself in the opening statement and during the cross-examination of Mike Little, to producing witnesses who would testify that Mike Little had told them a different story as to how the fight started and who was the first aggressor. In failing to object the State waived its right to later file its motion in limine seeking to exclude the testimony promised by defense counsel in his opening statement, the foundation for which was laid by the cross-examination of Mike Little. During cross-examination, Little denied telling anyone that he had started the fight.
After defense counsel had committed himself in the open *6 ing statement and cross-examination of Mike Little, to calling the impeachment witnesses, nothing but prejudice could befall the defendant and defense counsel when the trial court granted the State’s motion in limine excluding the witnesses. Regardless of whether the prosecutor gilded the lily by his prejudicial comments in closing argument, the jury would believe that defense counsel had not kept his promise and actually was unable to produce witnesses to contradict the testimony of Mike Little. This not only would cause the jury to lose faith in defense counsel, it also had the effect of bolstering the testimony of Mike Little as to how the fight started and who was the first aggressor. In failing to produce the witnesses who would contradict the testimony of Mike Little, the jury would believe defense counsel had not lived up to his promise.
Beyond the manifest prejudice to defendant caused by the State’s failure to object, we further note that the trial court failed to determine whether defendant had complied with the good cause exceptions to section 46-15-301(2), MCA, which provide that notice can be dispensed with upon a showing of good cause. Although no formal notice was given in compliance with the rule, a dispute exists as to whether defense counsel in fact told the State that he would call self-defense witnesses, and whether he gave their names to the State. The Court should have made a factual determination on this question. Furthermore, the record demonstrates that defense counsel had strong legal reasons to believe that, under the circumstances of this case, he was not required to give the notice. He provided authority to the trial court to the effect that a non-incident impeachment witness, one who is called only to impeach a witness on the ground of a prior inconsistent statement, does not fall within the ambit of such a notice statute. Here the witnesses were to be called only to testify that sometime after the fight the complaining witness told them a different version of how the fight started and who was the first aggressor. These factors strongly indicate that regardless of *7 whether defense counsel had technically complied with the notice statute, he nonetheless had good cause for not doing so. Defense counsel simply believed, in good faith, and supported by legal authority, that the notice statute was inapplicable.
The judgment of the District Court is reversed and the cause remanded for retrial.
MR. JUSTICES MORRISON, HARRISON, DALY and SHEEHY concur.